USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/19/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIE BOWMAN,

                Plaintiff,

- against -

CUDGE REALTY, LLC, et al.,

                Defendants.

**OPINION AND ORDER**

**12 Civ. 9296 (JPO) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Defendants Burlington Coat Factory Warehouse Corporation and Burlington Coat Factory Warehouse of New York, LLC (collectively "BCF") move for leave to file a third-party complaint against Cudge Realty, LLC ("Cudge") and Majestic Rayon Corporation ("Majestic") (jointly referred to as "Landlord Defendants") pursuant to Federal Rule of Civil Procedure 14(a). For the following reasons, BCF's motion is **GRANTED**.

## II. BACKGROUND

Plaintiff Marie Bowman ("Bowman") brought this action against BCF and Cudge pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq.*, and related New York State statutes. The Complaint alleges that Cudge owns, operates, and controls 707 Sixth Avenue, where the violations occurred, and that Cudge leases the premises to BCF. (*See* Docket No. 1.) Bowman amended her Complaint on February 27, 2013, where she asserted identical causes of actions, but withdrew her claims against Cudge. (*See* Docket No. 7.) BCF filed an Answer to the Amended Complaint on March 20, 2013, and amended its Answer on April 3, 2013. (*See* Docket Nos. 9, 11.)

BCF states that the Landlord Defendants are responsible for some of the alleged

violations, and that the Landlord Defendants are liable to BCF if BCF is liable to Bowman. BCF states that the claims in the proposed third-party complaint arise out of the same facts and circumstances as those in Bowman's original Complaint.

## III.   DISCUSSION

Federal Rule of Civil Procedure 14(a) provides that a defendant may assert a third-party claim against "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of plaintiff's claim against the third-party plaintiff." Where a defendant seeks to file its third-party complaint more than ten days after serving its original answer, the defendant "must obtain leave on motion upon notice to all parties to the action." Fed. R. Civ. P. 14(a). The decision to permit a defendant to implead a third-party defendant rests in the trial court's discretion. *Nova Prods. Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 240 (S.D.N.Y. 2004).

Rule 14(a) was designed "to promote judicial economy by eliminating the need to bring a separate action against a third-party," *Hines v Citibank, N.A.*, No. 96 Civ. 2565 (RJW), 1999 WL 440616, at *2 (S.D.N.Y. June 28, 1999), effectively eliminating "circuitous, duplicative actions." *Shafarman v. Ryder Truck Rental, Inc.*, 100 F.R.D. 454, 458-59 (S.D.N.Y. 1984). "The third party's liability must be in some way dependent on the outcome of the main claim or the third party must be potentially secondarily liable as a contributor to the defendant." *Trepel v. Dippold*, No. 04 Civ. 8310 (DLC), 2005 WL 2206800, at *1 (S.D.N.Y. Sept. 12, 2005). When determining whether leave should be granted, a court considers "(1) whether the movant deliberately delayed or was derelict in filing the motion, (2) whether impleading would unduly delay or complicate the trial, (3) whether the third-party action would prejudice the parties, and (4) whether the third-party complaint states a claim upon which relief may be granted." *Too, Inc. v. Kohl's Dep't Stores, Inc., et al.*, 213 F.R.D. 128, 140 (S.D.N.Y. 2003).

The Court does not find that BCF delayed in making its motion. BCF filed its motion one day after filing its Amended Answer, which was filed fourteen days after its original Answer. (*See* Docket Nos. 9, 11, 12.) Impleading the Landlord Defendants would not create an undue delay nor complicate trial, as the Landlord Defendants were original parties to the action. Moreover, the case is in its initial stages, as no discovery has been exchanged.

BCF's proposed third-party complaint alleges that the Landlord Defendants are liable for indemnity and contribution for Bowan's claims against BCF. Under Rule 14(a), courts consider the merits of a third-party complaint only "to the extent that it would foster an obviously unmeritorious claim." *Trepel*, 2005 WL 2206800, at *3. Landlords and property owners are subject to the public accommodation requirements of the ADA. *See* 28 C.F.R. § 36.201(b). Given BCF's proposed allegations and the requirements set forth by the ADA, the third-party complaint would not contain "obviously unmeritorious" claims.

The benefits of consolidating BCF's claims against the Landlord Defendants outweighs the prejudice to the LandLord Defendants. As indicated above, the Landlord Defendants were original parties to the action. (*See* Docket No. 1.) If the claims are not consolidated, BCF is likely to file a separate claim for indemnity and contribution relating to its liability to Bowman against the Landlord Defendants. The purpose of Rule 14(a) is to consolidate such claims and parties. The prejudice to the Landlord Defendants is minimal as they were relieved from the suit in February of 2013.

In determining whether an impleader is appropriate, the Second Circuit has explained that the third-party defendant's liability to the third-party plaintiff must be "dependent upon the outcome of the main claim" or the third-party defendant must be "potentially secondarily liable as a contributor to the defendant." *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d

3

29, 31 (2d Cir. 1984). BCF's allegations of contribution and indemnity satisfy this standard, and therefore, impleading the Landlord Defendants is appropriate.

## IV.  CONCLUSION

For the foregoing reasons, BCF's motion for leave to file a third-party complaint against the Landlord Defendants is **GRANTED**.

**SO ORDERED this 19th day of June 2013**
**New York, New York**

_____
**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**